# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**ROBERT A. DICKERSON**                                        **PETITIONER**

**v.**                                                       **CIVIL ACTION NO. 5:05-CV-222-R**

**JOHN MOTLEY**,                                          **RESPONDENT**
**Warden, Eastern Kentucky Correctional Complex**

## OPINION

The Petitioner, Robert A. Dickerson, filed this action pursuant to 28 U.S.C. § 2254, seeking federal habeas corpus relief. His petition is currently before this Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 requires this Court to examine Dickerson's petition and to dismiss it "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

### I. PROCEDURAL AND FACTUAL BACKGROUND

The procedural and factual background underlying Dickerson's petition is complicated and is fully explained in the facts section of the Kentucky Supreme Court's published opinion in Dickerson's state court appeal, which was included as an exhibit to Dickerson's habeas petition. *See Dickerson v. Commonwealth*, 174 S.W.3d 451 (Ky. 2005). This Court will only briefly

summarize the relevant procedural and factual background to the extent necessary to explain why this Court must dismiss Dickerson's current petition.

Dickerson was charged with sodomy in the first degree, possession of a handgun by a convicted felon, persistent felony offender ("PFO") in the first degree, and violation of Kentucky's Sex Offender Registry Act ("SORA") after his ten-year-old step-daughter accused him of molesting her while her mother was at work.

On May 20 and 21, 2002, a Fulton Circuit Court jury tried Dickerson on the sodomy 1st and the PFO 1st charges. The jury was unable to reach a verdict, and the trial judge declared a mistrial.

Dickerson's second trial took place on September 10, 2002, before another Fulton Circuit Court jury. Dickerson was tried on the handgun and SORA charges during this trial. He was convicted of both charges and sentenced to ten years on the handgun conviction and five years for violating the SORA.

Dickerson was then retried on the sodomy and PFO 1st charges on March 14, 2003. This time the jury reached a guilty verdict. He was sentenced to twenty years imprisonment for sodomy, which was enhanced to thirty years because the jury also found him to be a persistent felony offender in the second degree. The trial judge ordered Dickerson's sentences to run concurrently for a total of thirty years.

Dickerson appealed the handgun and SORA convictions and sentences to the Kentucky Court of Appeals and appealed his conviction and sentence for sodomy 1st, enhanced by the PFO, to the Kentucky Supreme Court as a matter of right. The Kentucky Supreme Court ordered

Dickerson's lower court appeals to be transferred to it and consolidated those appeals with Dickerson's Kentucky Supreme Court appeal. In a published opinion, *Dickerson v. Commonwealth*, 174 S.W.3d 451 (Ky. 2005), the Kentucky Supreme Court reversed each of Dickerson's convictions and remanded Dickerson's case to the Fulton Circuit Court for further proceedings consistent with its opinion. *Id.* Dickerson is currently being detained at the Fulton County Detention Center while awaiting a retrial on the charges against him (DN 8).

In the petition Dickerson filed with this Court, he asserts that his current confinement pending retrial is unlawful because he was unconstitutionally denied effective assistance of appellate counsel. Specifically, Dickerson asserts that his appellate counsel failed to raise certain issues on appeal that, if successful, would have resulted in dismissal of all charges against him.

Dickerson sets forth three issues that he asserts his appellate counsel should have presented to the Kentucky Supreme Court on appeal:

(1) Denial of counsel at a February 21, 2001 pre-trial probable cause hearing;

(2) Prosecutorial misconduct in the first sodomy trial related to jury tampering and the trial judge's subsequent refusal to declare a mistrial[1]; and

(3) Prosecutorial misconduct committed by a detective in attempting to obtain a second DNA sample from Dickerson.

Dickerson also alleges as a separate ground for his petition that Chief Justice Lambert of the Kentucky Supreme Court unconstitutionally denied him the right to file a supplemental brief with the Kentucky Supreme Court raising these issues after Dickerson's appellate counsel

---

[1] As noted above, Dickerson's first trial did in fact end in a mistrial because the jury was unable to reach a verdict. Dickerson, however, alleges that the case should have never gotten to the jury in the first place because the trial judge should have declared a mistrial when a state detective was seen having a conversation with a juror.

refused to include them in her brief. Dickerson also complains that the Kentucky Supreme Court committed "res judicata and collateral estoppel" against him by granting the Commonwealth two extensions to file its brief.[2]

## II. ANALYSIS

This Court must begin its analysis with the language of 28 U.S.C. § 2254. It provides:

> The Supreme Court, a justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of **a person in custody pursuant to a judgment of a State court** only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added).

As a result of the Kentucky Supreme Court's decision, Dickerson's judgments of conviction and the sentences imposed by the Fulton Circuit Court were reversed. As such, Dickerson is no longer in custody pursuant to a state court judgment. Although he remains in custody, his status is now that of a pretrial detainee. Under these circumstances, Dickerson cannot properly seek relief under 28 U.S.C. § 2254. *See Stow v. Murashige*, 389 F.3d 880 (9th Cir. 2004). The appropriate statutory vehicle for seeking habeas relief in federal court prior to trial is 28 U.S.C. § 2241. Dickerson's petition as presently framed, however, does not raise a cognizable claim under 28 U.S.C. § 2241. All of the issues presented in Dickerson's current petition challenge the lawfulness of his detention as related to his original judgments of

---

[2] It is difficult to understand how this substantially prejudiced Dickerson's rights on appeal since his appeal was successful.

conviction.[3]  Accordingly, all of those issues have been rendered moot by the Kentucky Supreme Court's decision to reverse Dickerson's convictions.  Thus, Dickerson's petition does not raise any justiciable case or controversy for this Court to decide and the Court will dismiss it pursuant to Rule 4 of the of the Rules Governing Section 2254 Cases in the United States District Courts.

### III. CERTIFICATE OF APPEALABILITY

In the event that the petitioner appeals this Court's decision, he is required to obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by 'indicat[ing] which specific issue or issues satisfy the showing required,' 28 U.S.C. § 2253(c)(3), *i.e.*, a 'substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

"To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of a denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or for that matter agree that) a petition should have been resolved in a different manner or that the issues present were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880 (1983).  The Court is satisfied that the petitioner has not made "a substantial showing of the denial of a constitutional right."  *Id.*   Thus, no certificate of appealability is

---

[3]Unlike the defendant in *Stow*, Dickerson does not argue that retrial is barred by principles of double jeopardy, a cognizable 28 U.S.C. § 2241 claim.

warranted in this case.

The Court will enter an order that is consistent with this opinion.

Date:

cc: Petitioner, *pro se*
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601

4413.008